## Ex parte VIRGIL BROWN.

No. A-11170.    April 6, 1949.

(205 P. 2d 339.)

Virgil Brown, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, P. J.    This original action in habeas corpus was instituted by the petitioner, Virgil Brown, for the purpose of securing his release from confinement in the State Penitentiary.    The Attorney General has filed a demurrer to the petition.

The verified petition alleges that petitioner is illegally imprisoned in said penitentiary by reason of the following facts: that he was charged by information in the district court of Canadian county in case No. 2197 with the crime of murdering his wife; that he entered a plea of not guilty, was tried, convicted, and pursuant to the

verdict of the jury was sentenced to serve a term of life imprisonment in the State Penitentiary.

The petition then concludes that the judgment and sentence was not in accordance with the statutes and rulings of the Criminal Code of the State of Oklahoma, nor with the Constitution of the United States, and prays this court to grant him his outright release from confinement.

Although the petition on its face did not allege any facts sufficient to show a lack of jurisdiction in the district court of Canadian county, to pronounce the judgment and sentence which was pronounced against the defendant, this court set the petition for hearing on January 19, 1949, after notice to all parties concerned, in order to give the petitioner an opportunity to present any facts which would support his conclusion that the judgment was void. At the date of said hearing, there was no appearance on behalf of said petitioner and no evidence was offered to show the invalidity of the judgment.

A copy of the judgment and sentence was not attached to the petition, so we have not even had an opportunity to examine it.

In the case of Ex parte Mayfield, 84 Okla. Cr. 158, 179 P. 2d 934, this court held:

"The writ of habeas corpus cannot be used to perform the office of a writ of error on appeal, but will be limited to cases in which the judgment and sentence of the court is attacked as clearly void, or that the court did not have jurisdiction of the person or subject matter."

In the body of the opinion, it is stated:

"It is an attempt to have this court review by habeas corpus the facts surrounding the trial of petitioner. There is nothing in the petition which raises any ques-

tion of law, or which in any way reveals that the judgment and sentence of the district court of Canadian county is void, or that that court did not have jurisdiction of the person and the subject matter. No transcript of the record, or of the evidence appears in the record."

The writ of habeas corpus is denied.

BAREFOOT and BRETT, JJ., concur.